| | |
|---|---|
| **JOSHUA BASCO** | **CIVIL ACTION NO. 08-0468** |
| **VERSUS** | **MAGISTRATE JUDGE METHVIN** |
| **DR. FELIX SPIEGEL** | **BY CONSENT OF THE PARTIES** |

### *ORDER*

This matter is before the court on Defendant's Motion to Transfer Venue (rec. doc. 11).  The motion is opposed.

### *Background*

This medical malpractice action was filed in the 14th Judicial District Court for the Parish of Calcasieu, State of Louisiana, by plaintiff, a resident of Calcasieu Parish, Louisiana, against Dr. Felix Spiegel, a resident of Houston, Harris County, Texas.  Defendant removed this action to the United States District Court for the Western District of Louisiana, Lake Charles Division, based on diversity jurisdiction pursuant to 28 U.S.C. §1332, and now seeks to transfer the case to the United States District Court for the Southern District of Texas, Houston Division, pursuant to 28 U.S.C. § 1404(a), for the convenience of the parties and the interests of justice.

### *Arguments of Parties*

The defendant argues that the surgical procedures subject to the lawsuit were performed in Texas, the medical records are in Texas, and several other physicians were consulted in Texas for advice during plaintiff's hospital admissions.  Furthermore, the defendant is a resident of Houston, Texas, and the defendant's attorney and insurance provider are located in Texas.  The defendant acknowledges that the plaintiff received treatment from another surgeon in Lake Charles, Louisiana, on February 24, 2007, but argues, "that was two years after the plaintiff's last surgery by

Defendant."[1]  Defendant argues that the only nexus with Louisiana is that Louisiana is the plaintiff's residence.

The plaintiff responds that the defendant physician advertises heavily in Louisiana for patients to come his Texas clinic, and that while the original surgery was performed by the defendant in Texas, the corrective medical procedure was performed in Lake Charles, Louisiana, by Dr. Keith.  Furthermore, the medical records from Texas have already been produced, and the medical records of Dr. Keith and medical personnel are located in Louisiana.  The plaintiff argues that the principal witnesses to the action are the defendant and Dr. Keith, who is a resident of Louisiana, and that while the defendant may argue that several other physicians were consulted, "the purpose of a consultant is to advise the principal physician as to suggested care."[2]  Finally, the plaintiff argues that he and his attorney are in Louisiana, the plaintiff's choice of forum is entitled to deference, and the defendant's reasons for transfer are insufficient to justify same.

*Law and Discussion*

A district court may transfer any civil action to any other district where the case might have been brought, if transfer serves "the convenience of parties and witnesses, [and is] in the interest of justice." 28 U.S.C. § 1404(a).  Section 1404 is a partial codification of the doctrine of forum non conveniens set forth in Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 67 S.Ct. 839 (1947). The purpose of the statute is "to prevent the waste of time, energy, and money, and to protect litigants, witnesses, and the public against unnecessary inconvenience and expense." Van Dusen v. Barrack, 376 U.S. 612, 616, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964).  "Section 1404(a) is intended to place discretion in

---

[1]Defendant's Memorandum in Support of Motion to Transfer Venue (rec. doc. 11), p. 6.

[2]Plaintiff's Memorandum in Opposition to Motion to Transfer (rec. doc. ), p. 4.

the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" Stewart Organization, Inc. v. Ricoh Corp., 487 U.S. 22, 29, 108 S.Ct. 2239, 101 L.Ed.2d 22 (1988) *quoting* Van Dusen 376 U.S. at 622.

The preliminary question in a change of venue motion is whether the suit could have been filed originally in the venue proposed by the mover. Proper venue for an action based solely on diversity may be where any defendant resides. 28 U.S.C. § 1391(a). It is uncontested that defendant Dr. Spiegel is a resident of Houston, Texas, which is in the Southern District of Texas. Thus, the suit could have been filed originally been filed in the Southern District of Texas, Houston Division.

Once the court determines that the action could have been filed in the destination venue, it must assess the "convenience" of maintaining the suit in the venue where it was actually filed. This determination turns on a number of private and public interest factors, none of which are given dispositive weight. In re Volkswagen AG, 371 F.3d 201, 203 (5th Cir. 2004) *citing* Action Industries, Inc. v. U.S. Fidelity & Guar. Co., 358 F.3d 337, 340 (5th Cir.2004), and Syndicate 420 at Lloyd's London v. Early American Ins. Co., 796 F.2d 821, 827 (5th Cir.1986).

The private concerns include: "1) the relative ease of access to sources of proof; 2) the availability of compulsory process to secure the attendance of witnesses; 3) the cost of attendance for willing witnesses; and 4) all other practical problems that make trial of a case easy, expeditious and inexpensive." In re Volkswagen AG, 371 F.3d at 203 *citing* Piper Aircraft Co. v. Reyno, 454 U.S. 235, 241 n. 6, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981). The plaintiff's choice of forum is also a factor to be considered, although it is neither controlling nor determinative. In re Horseshoe Entertainment, 337 F.3d 429, 434 (5th Cir. 2003). Public interest factors include: 1) the administrative difficulties flowing from court congestion; 2) the local interest in having localized

interests decided at home; 3) the familiarity of the forum with the law that will govern the case; and 4) the avoidance of unnecessary problems of conflict of laws of the application of foreign law. Id.

Medical records were generated in both Louisiana and in Texas, and the Texas records have already been obtained for use in Louisiana. The plaintiff has stated that non-party witnesses may be subpoenaed if necessary, although he does not cite authority for subpoenaing witnesses who may reside in Houston. In any case, the primary witnesses in this matter will likely be the parties themselves and Dr. Keith, a resident of Louisiana. Expenses should not be high for any willing witnesses, as Lafayette is approximately 215 miles from Houston, which can be traveled by car in approximately 3.5 hours. The plaintiff is a resident of Louisiana, his primary witness, Dr. Keith, is in Louisiana, and his last and allegedly corrective surgery was performed in Louisiana. The plaintiff chose to bring the matter in Louisiana, and neither party has pointed to any pressing public interest factor favoring one forum over another in this matter.

For the foregoing reasons, I conclude that a transfer of venue does not serve the convenience of parties and witnesses any more than a trial in this court, and the interests of justice are not served by a change of venue.

**IT IS ORDERED** that the Defendant's Motion to Transfer Venue (rec. doc. 11) is **DENIED**.

Signed at Lafayette, Louisiana, on September 30, 2008.

Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)