## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## LAKE CHARLES DIVISION

| | |
|---|---|
| JOSHUA BASCO | CIVIL ACTION NO. 08-0468 |
| VERSUS | MAGISTRATE JUDGE METHVIN |
| DR. FELIX SPIEGEL | BY CONSENT OF THE PARTIES |

### RULING ON DEFENDANT'S MOTION FOR
### LEAVE TO FILE, and MOTION TO DISMISS
### (Rec. Docs. 73 and 73-4)

Before the court is Dr. Felix Spiegel's motion for leave to file a motion to dismiss based on Tex. Civ. Prac. & Rem. Code § 74.351, which requires that a lawsuit against a healthcare provider be dismissed if the plaintiff fails to serve an expert report within 120 days of filing the lawsuit. The motion is opposed.

### *Argument of Parties*

Defendant seeks leave of court to file an untimely motion to dismiss. All dispositive motions were due by June 16, 2009, under the Scheduling Order.[1] Defendant contends the motion should be considered timely because the court ruled on September 2, 2009, that Texas substantive law would be applied to this medical malpractice case.

Substantively, defendant argues Tex. Civ. Prac. & Rem. Code § 74.351 is applicable in this matter, and required Dr. Chung's report to have been submitted within 120 days of the filing of plaintiff's suit. Dr. Chung's expert report was not submitted timely, defendant argues, and therefore it should not be allowed. Defendant cites Cruz v. Chang, 400 F.Supp.2d 906 (W.D.Tex. 2005), as well as several out of circuit decisions not based specifically on the Texas statute, as authority for its argument that Tex. Civ. Prac. & Rem. Code § 74.351 is substantive

---

[1]Rec. Doc. 42.

law, and applicable in a federal court sitting in diversity under Erie R. Co. v. Tompkins, 304 U.S. 64 (1938). Defendant also argues that it should have been clear to plaintiff at the outset that Texas substantive law was applicable to this matter, and plaintiff should have followed Texas law and supplied the expert report required by Texas law.

In opposition, plaintiff does not directly address the timeliness of the motion, but argues that substantively, defendant's motion has no merit because Tex. Civ. Prac. & Rem. Code §74.351 is a procedural statute that is inapplicable in a federal court sitting in diversity. Plaintiff argues that Garza v. Scott and White Memorial Hosp., 234 F.R.D. 617 (W.D.Tex. 2005), an opinion issued after Cruz, is better reasoned and is cited by multiple other cases, while the Cruz opinion has been either uniformly distinguished or disagreed with by following jurisprudence.

*Applicable Law and Discussion*

Substantively, this court has previously discussed the applicability of Tex. Civ. Prac. & Rem. Code § 74.351, in its Ruling on defendant's motion to file his second amended answer. In that Ruling, the court found Tex. Civ. Prac. & Rem. Code § 74.351 was inapplicable to this matter as a procedural statute, citing Garza v. Scott and White Memorial Hosp., 234 F.R.D. 617 (W.D.Tex. 2005).

The weight of authority is that Tex. Civ. Prac. & Rem. Code § 74.351 is a procedural statute, and inapplicable in a federal court sitting in diversity. The court in Garza, 233 F.R.D. at 622, gave a through and detailed analysis of the Texas statute, its reasons for finding same procedural, and the reasons for its rejection of Cruz's interpretation as substantive, which this court adopts. In addition, the Garza court stated the majority of courts that have considered whether the Texas expert report provision is procedural or substantive have followed the opinion

in Poindexter v. Bonsukan, 145 F.Supp.2d 800(E.D.Tex.2001), in holding Texas' expert report requirement inapplicable in federal court. See, e.g., Brown v. Brooks County Det. Ctr., 2005 WL 1515466 (S.D.Tex. 2005); Nelson v. Myrick, 2005 WL 723459 (N.D.Tex. 2005); McDaniel v. U.S., 2004 WL 2616305 (W.D.Tex. 2004).

## *Conclusion*

The court will follow the majority of the federal courts sitting in Texas, and find Tex. Civ. Prac. & Rem. Code § 74.351 to be a procedural statute, and therefore inapplicable in this diversity case. Therefore, defendant's motion to dismiss is without merit.

For the reasons given above,

**IT IS ORDERED** that Defendant Dr. Felix Spiegel's Motion for Leave to File His Motion to Dismiss (rec. doc. 73) is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant Dr. Felix Spiegel's Motion to Dismiss (rec. doc. 73-4) is **DENIED**.

Signed at Lafayette, Louisiana, on September 21, 2009.

Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)