# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## LAKE CHARLES DIVISION

**JOSHUA BASCO**                                    **CIVIL ACTION NO. 08-0468**

**VERSUS**                                          **MAGISTRATE JUDGE METHVIN**

**DR. FELIX SPIEGEL**                               **BY CONSENT OF THE PARTIES**

### *RULING ON DEFENDANT'S MOTION FOR*
### *LEAVE TO FILE SECOND AMENDED ANSWER*
### *(Rec. Doc. 68)*

Before the court is defendant's motion to amend his answer. The motion is opposed.

### *Background and Argument*

This is a medical malpractice suit. Plaintiff is a Louisiana resident and defendant is a

Texas licensed physician. The procedural history of this litigation and background has been

extensively outlined in prior rulings. Relevant to this motion, the deadline for amendment of

pleadings was May 18, 2009, and a jury trial is set for October 5, 2009.

Defendant seeks to amend his answer to assert two affirmative defenses: 1) contributory

negligence; and 2) Tex. Civ. Prac. & Rem. Code §74.351, which requires submission of an

expert report by a medical malpractice plaintiff within 120 days of filing suit or dismissal of the

suit. Defendant argues he "asserts this ground for dismissal at this time because the Court ruled

on September 2, 2009 that Texas substantive law applies to this lawsuit."[1]

In opposition, plaintiff argues the amendment should not be allowed, because it is

untimely, and defendant could have asserted the defense of contributory negligence at any time,

but did not. Plaintiff further contends that the court did not rule that Texas substantive law

---

[1]*Motion* (rec. doc. 68), p. 2.

applies to this case, and argues that Louisiana substantive law should apply, thereby negating the grounds for amendment to add Tex. Civ. Prac. & Rem. Code §74.351 as a defense.

### *Applicable Law and Discussion*

The scheduling order deadline for amendment of pleadings had passed at the time of the request for leave to amend. Therefore, leave to amend pleadings is governed by Federal Rule of Civil Procedure 16(b), which requires a showing of "good cause," instead of the more liberal standard of Rule 15(a), which states that leave to amend "shall be freely given when justice so requires." Only after a showing of " good cause" will the more lenient standard of Rule 15(a) apply. S & W Enterprises v. Southtrust Bank of Alabama, 315 F.3d 533 (5th Cir. 2003).

Four factors are considered when determining whether a litigant has demonstrated good cause for not meeting a scheduling order deadline: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." Southwestern Bell Telephone Company v. City of El Paso, 346 F. 3d 541 (5th Cir. 2003), citing S & W Enterprises, 315 F.3d at 535 (5th Cir. 2003).

In this case, defendant has met none of the factors demonstrating "good cause" for allowing the untimely amendment. Defendant has offered no explanation at all for his failure to timely assert the affirmative defense of contributory negligence. Likewise, defendant was on notice that applicable law was in dispute from the beginning of the litigation, and could have pled all relevant Texas law at that time. However, the Tex. Civ. Prac. & Rem. Code §74.351 is not even applicable to this matter, because it is a procedural statute, and has no application in

3

federal court. See <u>Garza v. Scott and White Memorial Hosp.</u>, 234 F.R.D. 617 (W.D. Tex 2005).[2]

The parties are weeks away from trial, and any amendment of defendant's answer at this late date would prejudice trial preparation. Therefore, the court concludes the defendant has not show good cause for the amendment, and the motion to amend will be denied.

Furthermore, the parties appear to be confused as to the applicable substantive law. The court has clearly ruled as follows: "Thus, Texas substantive law applies to this case."[3] The parties are on notice that further argument over the applicable law on issues of conduct and safety is a waste of time, ink, and paper for all concerned.

### Conclusion

**IT IS ORDERED** that Defendant Dr. Felix Spiegel's Motion for Leave to File His Second Amended Answer to Plaintiff's "Petition for Damages" Removed to Federal Court (rec. doc. 68) is **DENIED**.

Signed at Lafayette, Louisiana, on September 21, 2009.

Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)

---

[2]The court in <u>Garza</u> explained that the majority of courts that have considered whether the Texas provision is procedural or substantive have followed the opinion in <u>Poindexter v. Bonsukan</u>, 145 F.Supp.2d 800(E.D.Tex.2001), in holding that Texas's expert report requirement is inapplicable in federal court. See, e.g.,<u>Brown v. Brooks County Det. Ctr.</u>, 2005 WL 1515466 (S.D.Tex. June 23, 2005); <u>Nelson v. Myrick</u>, 2005 WL 723459 (N.D.Tex. Mar.29, 2005); <u>McDaniel v. United States</u>, 2004 WL 2616305 (W.D.Tex. Nov.16, 2004). But see <u>Cruz v. Chang</u>, 400 F.Supp.2d 906 (W.D.Tex.2005).

[3]See *Ruling on Defendant's Motion for Summary Judgment* (rec. doc. 59), p. 14.