# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAKE CHARLES DIVISION

| | |
|---|---|
| JOSHUA BASCO | CIVIL ACTION NO. 08-0468 |
| VERSUS | MAGISTRATE JUDGE METHVIN |
| DR. FELIX SPIEGEL | BY CONSENT OF THE PARTIES |

### *RULING ON PLAINTIFF'S MOTION IN LIMINE PREVENTING DR. SPIEGEL FROM RAISING OR MENTIONING CONTRIBUTORY NEGLIGENCE DURING TRIAL*
*(Rec. Doc. 87-3)*

Before the court is plaintiff's motion in limine, seeking to prevent defendant from introducing any evidence of plaintiff's alleged contributory negligence during the trial, which is set before a jury on October 5, 2009. The motion is opposed.

### *Argument of Parties*

In his motion, plaintiff argues defendant did not plead the affirmative defense of contributory negligence, and this court has ruled defendant does not have the right to raise that defense at trial due to that failure.[1] Thus, plaintiff seeks to prevent defendant from entering into evidence any medical records or witness testimony, or making any argument, which would tend to show plaintiff was a non-compliant patient, and at fault in causing his own damages. Plaintiff states "it is plaintiff's position that all such evidence must be culled from the record and no such questioning or comments alluding to such a possibility is permissible at trial."[2] Plaintiff has attached to his motion medical records and deposition testimony, and has circled several sections in each, which he asks the court to redact.

---

[1] See *Motion in Limine* (rec. doc. 87-3), referencing Rec. Doc. 79.

[2] See *Memorandum* (rec. doc. 87-3), p. 4.

2

In opposition, defendant argues any evidence of plaintiff's non-compliance will not be offered to show contributory negligence, but as relevant factual evidence to negate defendant's negligence and proximate cause, which are essential elements of plaintiff's claim. Defendant further argues plaintiff has known evidence of non-compliance existed from the inception of the lawsuit, and has examined defendant and his expert on the evidence, and thus, "[p]laintiff's request to redact essential parts of the records, made a week before trial, should be denied."[3]

## *Applicable Law and Discussion*

The elements of a medical malpractice claim are: (i) a physician's duty to act according to a certain standard of care; (ii) breach of the applicable standard of care; (iii) an injury; and (iv) a causal connection between the breach of care and the injury. See <u>Grider v. O'Brien</u>, 260 S.W.3d 49, 57 (Tex.App.-Houston [1st Dist.] 2008, pet. denied); *see also* Tex. Civ. Prac. & Rem.Code Ann. § 74.001(a)(13) (West 2005).

Federal Rules of Evidence Rule 401 reads as follows:

Relevant evidence means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.

Fed. R. Evidence Rule 402 reads as follows:

All relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, by Act of Congress, by these rules, or by other rules prescribed by the Supreme Court pursuant to statutory authority. Evidence which is not relevant is not admissible.

Any evidence of plaintiff's non-compliance with his instructed after-care is relevant to whether Dr. Spiegel breached the standard of care, and whether there is a causal connection between any breach of care and plaintiff's injury. Thus, the court agrees with defendant that

---

[3]*Defendant Dr. Felix Spiegel's Opposition to Plaintiff's Motion in Limine* (rec. doc. 95), p. 1.

evidence of non-compliance is admissible, not for proof of contributory negligence, but because it is relevant to plaintiff's ability to establish the elements of his claim.

The court has reviewed the cases cited by defendant, and agrees with plaintiff they are not particularly applicable to this situation.[4] However, plaintiff has provided no authority in support of its argument that this evidence is inadmissible for the purposes cited.

Therefore,

**IT IS ORDERED** that plaintiff's Motion in Limine Preventing Dr. Spiegel from Raising or Mentioning Contributory Negligence During Trial (rec. doc. 87-3) is **DENIED**.

Signed at Lafayette, Louisiana, on September 28, 2009.

Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)

---

[4] See Hodges v. Mack Trucks, Inc., 474 F.3d 188 (5th Cir. 2006); Carroll v. Morgan, 17 F.3d 787 (5th Cir. 1994).